**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

| | |
|---|---|
| ELIJAH MUSTAFA VENEY,<br><br>Petitioner,<br><br>v.<br><br>WARDEN H.L. RAY,<br><br>Respondent. | CIVIL ACTION NO.: 2:25-cv-123 |

**REPORT AND RECOMMENDATION**

Petitioner Elijah Veney ("Veney"), who is incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus. Doc. 1. Respondent filed a Motion to Dismiss, and Veney filed a Response. Docs. 8, 12. For the following reasons, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss, **DENY** Veney's Petition, **DIRECT** the Clerk of Court to close this case and enter the appropriate judgment of dismissal, and **DENY** Veney *in forma pauperis* status on appeal.

**BACKGROUND**

Veney was convicted in the Superior Court for the District of Columbia of: possession of a firearm during a crime of violence or dangerous offense, in violation of D.C. Code § 22-3204; murder while armed, in violation of § 22-3401; carrying a pistol without a license, in violation of § 22-3204; escape from an officer, in violation of § 22-601; and second-degree murder while armed, in violation of § 22-2404. Doc. 8-1 at 2, 8. Veney was sentenced to life in prison. Id. at 8.

## DISCUSSION

In his Petition, Veney asserts that the Bureau of Prisons ("BOP") failed to put him in for a transfer to a low security institution, even though he is eligible for such a transfer. Instead, Veney claims his case manager put him in for a closer-to-home transfer to another medium security facility, which was denied. Doc. 1 at 2. Veney emphasizes that the BOP has discretion to consider placement of transfers and to waive a public safety factor ("PSF"), ostensibly arguing that the BOP should have exercised that discretion differently his case. Id. Veney also contends that the BOP has not treated him fairly or impartially, as 28 C.F.R. § 541.12 mandates.[1] Id. at 4.

Respondent moves to dismiss Veney's Petition because inmates cannot raise challenges to PSF designations in a § 2241 petition. Doc. 8 at 6–9. In addition, Respondent states that Veney failed to exhaust his administrative remedies.[2] Id. at 3–6. Respondent also states that the BOP has discretion to designate prisoners' locations. Id. at 9. Finally, Respondent contends that the BOP did not violate Veney's equal protection rights. Id. at 10–11.

### I. Veney Cannot Challenge His Security Classification Under § 2241

A petitioner can use the writ of habeas corpus to challenge "the fact or duration of . . . physical confinement itself" or the execution of the sentence itself. Preiser v. Rodriguez, 411

---

[1] The Court was unable to locate 28 C.F.R. § 541.12. Instead, § 541.1–.8 deal with inmate discipline, and § 541.20–.33 deal with special housing units. The Regulation does not involve PSFs or treatment of inmates.

[2] The Court notes, in certain circumstances, it should not determine exhaustion issues. Specifically, in Jenner v. Stone, this Court noted, "Although exhaustion of administrative remedies is not a jurisdictional requirement in a § 2241 proceeding, 'that does not mean that courts may disregard a failure to exhaust and grant relief on the merits if the respondent properly asserts the defense.'" Jenner v. Stone, No. CV 317-068, 2018 WL 2976995, at *2 (S.D. Ga. May 16, 2018), adopted, 2018 WL 2972350 (S.D. Ga. June 13, 2018) (quoting Santiago-Lugo v. Warden, 785 F.3d 467, 474–75 (11th Cir. 2015)). "However, 'a court may skip over the exhaustion issue if it is easier to deny . . . the petition on the merits without reaching the exhaustion question." Id. (quoting Santiago-Lugo, 785 F.3d at 475). Here, the Court has opted not to address exhaustion since Veney does not raise a proper habeas claim or a viable equal protection claim.

U.S. 475, 498 (1973); Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1352 (11th Cir. 2008). In contrast, when prisoners bring actions to challenge the circumstances of their confinement, these are civil actions, not habeas corpus actions. See, e.g., Hill v. McDonough, 547 U.S. 573, 579 (2006); Gorrell v. Hastings, 541 F. App'x 943, 945 (11th Cir. 2013); cf. see, e.g., Edwards v. Balisok, 520 U.S. 641 (1997); Heck v. Humphrey, 512 U.S. 477 (1994) (noting that if a prisoner's claim, if successful, could shorten or invalidate a term of imprisonment, the claim sounds in habeas). "Claims challenging the fact or duration of a sentence fall within the 'core' of habeas corpus, while claims challenging the conditions of confinement fall outside of habeas corpus law." Vaz v. Skinner, 634 F. App'x 778, 780 (11th Cir. 2015).

This Court has recognized that the Eleventh Circuit Court of Appeals has not, in a published opinion, "settl[ed] the question of whether a petitioner can successfully challenge his PSF designation via a § 2241 habeas petition." Reyes v. Warden, FCI Jesup, Civil Action No.: 2:24-cv-107, 2025 WL 2463765, at *1 (S.D. Ga. July 25, 2025). However, this Court also recognizes that courts within this Circuit "typically [have] not allowed a petitioner to use § 2241 to challenge" PSF designations. Id.; see also Sampson v. Flournoy, Civil Action No.: 2:17-cv-109, 2018 WL 3245070, at *2 (S.D. Ga. July 3, 2018) (finding PSF of greatest severity could not be challenged through § 2241 because petitioner not seeking release and noting this Court's and other courts' changes in positions); cf. Sutton v. Warden, FCI Aliceville, Case No. 7:25-cv-00954, 2026 WL 743500, at *4–5 (N.D. Ala. Jan. 23, 2026) (recognizing case law "differs" on whether claims relating to security classification scores can be brought as § 2241 petitions or as civil rights actions but declining to "wad[e] into the . . . conflict" because petitioner already was at the lowest security level), adopted, 2026 WL 739149 (N.D. Ala. Mar. 16, 2026); but see

Herrera v. Johns, Civil Action No. CV 513-031, 2013 WL 5574455, at *1 n.1 (S.D. Ga. Oct. 8, 2013) (finding a petitioner can challenge security classification or place of confinement via § 2241).

In Boyce v. Ashcroft, the Tenth Circuit Court of Appeals stated:

> Prisoners who raise constitutional challenges to other prison decisions—including transfers to administrative segregation, exclusion from prison programs, or suspension of privileges, e.g., conditions of confinement, must proceed" with a civil rights lawsuit. If a petitioner is not seeking immediate or early release from custody and is instead seeking to have his PSF removed so he will be eligible for programs which could reduce his sentence or the place he serves his sentence, he has not alleged a favorable determination would automatically entitle him to a speedier release from custody. Thus, the proper vehicle for raising his claims would be a civil rights suit. "Prisoners who raise constitutional challenges to other prison decisions—including transfers to administrative segregation, exclusion from prison programs, or suspension of privileges, e.g., conditions of confinement, must proceed" with a civil rights lawsuit.

251 F.3d 911, 914 (10th Cir. 2001) vacated as moot, 268 F.3d 953 (10th Cir. 2001); see also Hribick v. Warden Fort Dix FCI, 695 F. App'x 25 (3d Cir. 2017) (affirming dismissal of habeas claim regarding "greatest severity" classification, which petitioner claimed prevented him from transferring to a prison camp, because the claim was not cognizable under § 2241, as it was not a challenge to the fact or duration of his imprisonment); Pawlick v. Maiorana, 687 F. App'x 421, 422 (5th Cir. 2017) (affirming district court's dismissal of § 2241 petition by which petitioner sought to challenge his PSF based on allegedly erroneous statements in his presentence report); Guidry v. Warden FCI Talladega, Case No. 1:18-cv-941, 2020 WL 1237961, at *2 (N.D. Ala. Feb. 4, 2020) ("Put simply, the petitioner's challenge to his classification [of greatest severity] fails to raise a claim cognizable in a § 2241 petition."), report and recommendation adopted, 2020 WL 1235724 (N.D. Ala. Mar. 12, 2020); see also Garner v. Stalhood, No. 2:24-cv-00209, 2025 WL 549998, at *1 (E.D. Ark. Feb. 28, 2025) (concluding petitioner did not present cognizable § 2241 claim where granting his request to remove his PSF would impact programs

available to him and where he might serve the remainder of his sentence, not impact the duration of his confinement).

In light of this conflicting authority, and absent any on-point controlling authority, I conclude most PSF challenges cannot be raised in a § 2241 petition because a favorable ruling will have no impact on the fact or duration of the challenger's incarceration. In most instances, a "bright-line rule" will resolve the issue. Indeed, in this case, such a bright-line rule resolves the issue: despite Veney's characterization of his claim being that the BOP erred by failing to even consider his request for a low security level designation, his challenge is actually to his PSF classification. Doc. 12 at 5. To be sure, Veney does not seek to be released to home confinement or to otherwise be released from confinement. See Beckford v. Warden, FCI Jesup, Civil Action No.: 2:22-cv-27, 2023 WL 2414871, at *3 (S.D. Ga. Feb. 15, 2023) (noting petitioner's challenge regarding errors in his PSF and pre-sentence investigation report resulted in the inability to be released to home confinement is cognizable under § 2241 because release to home confinement impacted the fact or duration of his detention). Instead, Veney merely states the BOP is obliged to consider his request for a transfer to a lower security facility.[3] Doc. 12 at 5. Veney, thus, cannot proceed with his particular challenge to his PSF designation under § 2241. The Court should grant this portion of Respondent's Motion and deny this portion of Veney's Petition.

[3] The Court notes Program Statement 5100.08 concerns security designations, placements, and other matters relating to housing assignments and covers many topics, such as management variables ("MGTV") and PSFs. https://www.bop.gov/policy/progstat/5100_008_cn-3.pdf (last accessed Aug. 17, 2026). The Court will not discuss this Program Statement any further, as such a discussion is unnecessary given that Veney challenges his assigned PSF, which is not a proper habeas claim.

## II. Veney's Equal Protection Claim Fails

Veney contends that the BOP did not treat him fairly and impartially because the BOP allowed two other inmates to be transferred and housed at low security level institutions. Doc. 1 at 6. Respondent states that Veney fails to meet his burden of showing that he is similarly situated to these two inmates or why they all should be afforded equal treatment, and this failure should end the inquiry. Doc. 8 at 10. In response, Veney does little more than repeat his general assertion that he has been treated unfairly. Doc. 12 at 7–9.

To state a viable equal protection claim, a prisoner must show: (1) he has been treated differently from other "similarly situated" inmates, and (2) this discriminatory treatment is based upon a constitutionally impermissible basis, such as race or religion. Jones v. Ray, 279 F.3d 944, 946–47 (11th Cir. 2001). Additionally, a prisoner must demonstrate the defendants were motivated by a discriminatory intent or purpose. See Parks v. Warner Robins, 43 F.3d 609, 616 (11th Cir. 1995) (requiring "proof of discriminatory intent or purpose" to show an Equal Protection Clause violation); Elston v. Talladega Cnty. Bd. of Educ., 997 F.2d 1394, 1406 (11th Cir. 1993) (requiring a plaintiff to demonstrate the challenged action was motivated by an intent to discriminate to establish an equal protection violation). However, courts have determined that a petitioner has no constitutional right to any specific custody classification. Perez v. Fed. Bureau of Prisons, 229 F. App'x 55 (3d Cir. 2007); Guidry, 2020 WL 1237961, at *2; Sampson v. Flournoy, Civil Action No.: 2:17-cv-109, 2018 WL 3245070, at *4 n.5 (S.D. Ga. July 3, 2018) (citing cases), adopted by 2018 WL 3846313 (S.D. Ga. Aug. 13, 2018).

Because there is no right to being housed at a particular institution or to be assigned a particular security level or PSF, Veney fails to present an equal protection violation. In addition, Veney makes no compelling or reasonable argument that the BOP discriminated against him, he

is similarly situated with any alleged comparator, or any alleged discriminatory reason for his treatment is related to an unconstitutional motive. Holmes v. Watts, 2:15-cv-155, 2016 WL 205401, at *4 (S.D. Ga. Jan. 15, 2016) ("A prisoner asserting an equal protection claim must demonstrate that he is similarly situated with other prisoners who received more favorable treatment and that his discriminatory treatment was based upon some constitutionally protected interest."). Thus, the Court should grant this portion of Respondent's Motion and deny Veney's equal protection claim.

Given the recommended disposition of Veney's challenge to his PSF and his equal protection claim, it is unnecessary to address the remaining grounds Respondent sets forth in his Motion to Dismiss.

## III. Leave to Appeal *in Forma Pauperis*

The Court should also deny Veney leave to appeal *in forma pauperis*. Though Veney has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (noting trial court may certify appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Thus,

a claim is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Given the above analysis of the filings in this case, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss, **DENY** Veney's § 2241 Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Veney leave to appeal *in forma pauperis*.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in

whole or in part, the findings or recommendations made herein. Objections not meeting the specificity requirement set out above will not be considered by the District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 17th day of August, 2026.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA